UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM JUNIS JOHNSON-BEY,

        Plaintiff,

Case No. 4:06-CV-67

Hon. Gordon J. Quist

vs.

BRENTWAL LLC, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on defendant Jennifer Hirsch's motion for judgment on the pleadings (docket no. 16). The motion is unopposed.

Plaintiff's pro se complaint is based upon the following allegations. On May 10, 2005, plaintiff purchased a Virgin mobile telephone with a pre-paid service plan from the Radio Shack store in Benton Harbor, Michigan. Plaintiff did not receive any calls on the telephone. On May 25, 2005, plaintiff discovered that defendant Hirsch had incorrectly programmed the telephone with the number. On that date, store manager Kevin Phillips (who is not a defendant to this suit) corrected the situation. Plaintiff, however, alleges that non-defendant Phillips refused to accommodate him for the 16 days in which he had no telephone service, insulted plaintiff by offering him two AAA batteries, and that Phillips "tried to blame me for negligence, by saying that [I] should have read my instructions books." Plaintiff also alleges that other people in store witnessed "this horrible act."

Plaintiff further states that he is a disabled person, "a licensed publisher and writer with BROADCAST MUSIC, INC. [BMI]," and that "[v]ery important phone [calls] were missed

involving unlimited amounts of money." Plaintiff has presented the court with a copy of agreement with BMI for the period of July 10, 1997 through December 31, 2001, in which plaintiff agreed to assign "dramatic or dramatico-musical work" to BMI. Plaintiff has also provided a photocopy of a document from the Copyright Office of the United States, which suggests that he was the "composer and author" of a work entitled "King Cancer," which was deposited in the Copyright Office in 1983.

Plaintiff alleges that defendant Hirsch's alleged action of incorrectly programming his telephone, violated the following statutes:

> USCA Title 18 Chapter 47 Fraud and false statements, USCA Title 18 Chapter 21 Section 1621 Perjury, USCA Title 18 Section 241, 242, 246, 247, Conspiracy, USCA Title 42 Chapter 21 Civil Rights, MCLA Michigan of 1963 Article 8 to ED 1. American with Disabilities Act, Article 8. MCLA 37.1101 Handicappers Civil Rights Act, MCLA Section 390.1 to END[.]   MCLA 37.1102, 37.1103, Rehabilitation Act of 1964 395.81-395.82. USCA 42 [§] 3021 to 3700. Treason against Morocco and America. [§] 2381 TREASON I HAVE DUAL CITIZENSHIP.

Finally, plaintiff seeks damages in the amount $7,000,000.00.

## II. Legal standard

A motion for judgment on the pleadings can be brought pursuant to Fed. R. Civ. P. 12(c) "[a]fter the pleadings are closed but within such time as not to delay the trial." Pleadings include "a complaint and an answer." Fed. R. Civ. P. 7(a). In *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006) the Sixth Circuit set forth the standard of review for a Rule 12(c) motion:

> A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). When ruling on a defendant's motion to dismiss on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP*

*Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir.2001) (citations omitted). The district court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir.1998).

*Kottmyer*, 436 F.3d at 689.

### III.    Discussion

Plaintiff's complaint is based upon the allegation that defendant Hirsch, a salesperson at a Radio Shack store, incorrectly programmed a cellular telephone, depriving plaintiff of 16 days of telephone service. Plaintiff contends that this act violated a number of federal criminal statutes, ranging from perjury to treason, as well as a number of federal and state civil rights statutes. The court has a duty to read a pro se plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987). While the court holds pro se litigants to less stringent standards, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[L]iberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Center*, 201 Fed.Appx. 338, 344 (6th Cir. 2006). In short, this court has no duty to scour the pleadings and find a cause of action where none exists.

### A.    Plaintiff's claim of criminal behavior is frivolous

Plaintiff's allegations that a salesperson incorrectly programmed his telephone establish, at most, a claim of negligence or breach of contract. Plaintiff's allegations that defendant Hirsch's acts amounted to violations of federal criminal statutes involving fraud, perjury, conspiracy and treason claims instituted at the discretion of the federal prosecutor and the grand jury, are frivolous. *See* 18 U.S.C. Chapter 47; 18 U.S.C. §§ 241, 242, 246, 247, 1621, 2381. Accordingly, defendant Hirsch is entitled to judgment on the pleadings with respect to plaintiff's claim that her

3

incorrect programming of the telephone violated federal criminal statutes.

### B. Plaintiff has no claim under federal civil rights statutes

Plaintiff's complaint sounds in discrimination due to his alleged status as a disabled person. The only conceivable civil claim to be found in this complaint is that defendant Hirsch's alleged incorrect programming of the telephone amounted to discrimination against plaintiff due to his alleged disability.

The applicable portion of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 prohibits discrimination as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

However, plaintiff's claim fails for several reasons. First, plaintiff's allegation that he is a "disable[d] person" is insufficient to establish relief under the ADA, which defines a disabled person "as one who (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) has a record of such impairment, or (3) does not have an impairment, but is regarded as having one." *Sullivan v. River Valley School District*, 197 F.3d 804, 810 (6th Cir. 1999); 42 U.S.C. § 12102(2). Under the notice pleading provisions of Fed. R. Civ. P. 8, a plaintiff must "give the defendant fair notice of the claim and its supporting facts." *J.H. Routh Packing Company*, 246 F.3d at 854. To state a claim for relief under the ADA, the complaint must notify the defendant of the "claimed impairment," but does not need to specifically identify "the substantially limited major life activity" affected by the impairment. *Id.* Here, plaintiff's complaint does not notify defendant of the "claimed impairment" that entitles him to fall within the

scope of the ADA. A defendant is entitled to judgment on the pleadings when an allegedly disabled plaintiff makes only conclusory allegations of disability that fail to demonstrate the existence of a disability under the ADA. *See, e.g., Fulakis v. Columbus Public Schools*, 53 Fed.Appx. 340, 342 (6th Cir. 2002).

Second, plaintiff does not allege that defendant Hirsch, a salesperson at a Radio Shack store, "owns, leases . . . or operates a place of public accommodation." *See* 42 U.S.C. § 12182(a). Accordingly, defendant Hirsch cannot be found liable under the ADA. *See, e.g., Emerson v. Thiel College*, 296 F.3d 184, 189 (3rd Cir. 2002) (faculty and staff of college could not be liable under the ADA because they did not own, lease, or operate the college); *Neff v.American Dairy Queen Corp.*, 58 F.3d 1063 (5th Cir. 1995) (franchisor with limited control over ADA compliance of the franchise could not be liable under the ADA as an operator of an individual franchised restaurant).

Third, even if plaintiff had met the pleading requirement for alleging a disability under the ADA, his allegation that defendant Hirsch incorrectly programmed the telephone is devoid of any claim of discrimination. Specifically, plaintiff has not alleged that he was denied "full and equal enjoyment" of the telephone due to a disability. As the court explained in *Parker v. Metropolitan Life Insurance Company*, 121 F.3d 1006 (6th Cir. 1997) (*en banc*):

> The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided. In other words, a bookstore, for example, must make its facilities and sales operations accessible to individuals with disabilities, but is not required to stock Brailled or large print books. Similarly, a video store must make its facilities and rental operations accessible, but is not required to stock closed-captioned video tapes.

*Parker*, 121 F.3d at 1012.

Plaintiff's complaint establishes that he had access to the store, that he was able to purchase a telephone at the store, and that the store promptly corrected the telephone programming error. The complaint does not establish that defendant denied plaintiff the "full and equal enjoyment" of the telephone due to his alleged disability. There is no issue of accessibility. Accordingly, defendant Hirsch is entitled to judgment on the pleadings with respect to plaintiff's claim that she violated the ADA.

### C. Plaintiff's state law claims

Section 1367 of Title 28 of the United States Code provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Here, the court exercised its supplemental jurisdiction over plaintiff's state law claims, presumably because those claims were intimately related to the alleged violations of federal law. The dismissal of plaintiff's federal claims against defendant would require the court to re-examine the issue of supplemental jurisdiction for state law claims against this defendant. See § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"). Thus, if the court follows the undersigned's recommendation to dismiss plaintiff's federal claims, the court must also determine whether to exercise its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998).

Here, plaintiff has alleged violations of the state disability statute, the Michigan "Persons with Disabilities Civil Rights Act" (PWDCRA) (formerly known as the "Handicappers' Civil Rights Act" or HCRA), MCL § 37.1101 *et seq.*, as well as other state statutes and a state

6

constitutional provision that are totally unrelated to the type of claim asserted: Mich. Const. 1963, Art. 8, § 4 (the state constitutional provision creating state universities); M.C.L. § 390.1 (establishing the University of Michigan); and the Rehabilitation Act of 1964, M.C.L. §§ 395.81-82 (relating to rehabilitation services by the state board of education). I could recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to § 1367. However, because plaintiff's state law claims are meritless, I recommend dismissal of those claims on the merits.

First, plaintiff has no claim under the PWDCRA, which provides that "[t]he opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a disability is guaranteed by this act and is a civil right." M.C.L. § 37.1102(1). The PWDCRA mandates that "a person shall accommodate a person with a disability for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship." M.C.L. § 37.1102(2).

The PWDCRA forbids similar types of discriminatory activity as those proscribed by the ADA, stating that a person shall not:

> Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids.

M.C.L. § 37.1302(a). *See Spagnuolo v. Rudds #2, Inc.*, 221 Mich. App. 358, 362, 561 N.W.2d 500 (1997) (the PWDCRA "forbids persons to deny individuals 'the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation' because of a handicap unrelated to the use and benefit thereof") (citing M.C.L. § 37.1302(a)).

In the present case, plaintiff's complaint establishes that he had access to the store, had access to purchase the telephone in the store, and obtained prompt repair of the telephone after he discovered the programming problem. These facts fail to establish a violation of the PWDCRA. *See, e.g., Spagnuolo*, 221 Mich. App. at 362-63 (plaintiff confined to a wheelchair failed to state a cause of action under the PWDCRA where she gained access to a restaurant by means other than the broken handicap entrance, and received "routine service" while in the restaurant). Furthermore, plaintiff has no cause of action against defendant Hirsch simply because she allegedly committed a tort against an allegedly disabled person. "[N]o language in the [PWDCRA] provides an independent tort remedy for persons injured at a place of public accommodation because they are handicapped." *Id.* at 363. Accordingly, defendant Hirsch is entitled to judgment on the pleadings with respect to plaintiff's claim that she violated the PWDCRA.

Second, plaintiff's remaining state law claims, i.e., Mich. Const. 1963, Art. 8, § 4; M.C.L. § 390.1; and M.C.L. §§ 395.81-82 are totally unrelated to the facts alleged in the complaint. Accordingly, these state law claims should be dismissed as frivolous.

### IV.     Recommendation

Accordingly, I respectfully recommend that defendant Hirsch's motion for judgment on the pleadings (docket no. 16) be **GRANTED** and that this action be dismissed.


Dated:  June 11, 2007                                /s/ Hugh W. Brenneman, Jr.
                                                                                   Hugh W. Brenneman, Jr.
                                                                                   United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).